## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. 04-20102-CIV-HOEVELER/WHITE

DAVID MATOS,

    **Movant,**

v.

UNITED STATES OF AMERICA,

    **Respondent,**

_____/

## ORDER DENYING MOTION FOR RELIEF UNDER 28 U.S.C. § 2255, AND DENYING MOTION FOR LEAVE TO FILE ADDENDUM

THIS CAUSE comes before the Court after a review of the file. On December 22, 2004, this Court granted Movant's Motion for Reconsideration, in order to review the objections which Movant had filed after the Court entered a Final Judgment in favor of Respondent. The Court now has reviewed Movant's motion to vacate pursuant to 28 U.S.C. § 2255, Movant's objections to the Magistrate Judge's Report, and Movant's subsequent request to file an addendum to his § 2255 petition to include a claim under Booker.

## BACKGROUND

Movant's motion to vacate attacks his convictions (on Counts 2, 4, 5, 6, 7, 8, 9, 10, and 12) and sentence (235 months) entered subsequent to a three month jury trial which ended in January 1998. See Case No. 95-cr-0481. The Magistrate Judge

1

issued a Report and Recommendation on November 5, 2004, recommending that Movant's motion be denied. This Court initially adopted that Report and closed this case on December 1, 2004, but subsequently granted Movant's motion for reconsideration, in light of Movant's request for additional time to file his objections to the Magistrate Judge's Report.

The Magistrate Judge thoroughly addressed the Movant's claims of ineffective assistance of trial and appellate counsel regarding objections to testimony of Agent Donnelly and government witness Carillo, the failure to move timely to suppress phone calls, and the failure to challenge the denial of a sentence reduction for minor role. The Magistrate Judge concluded that Movant had not demonstrated to a reasonable probability that the result of his trial or appeal would have been different but for the alleged deficiencies in counsel's conduct. For example, on the direct appeal of these co-defendants' convictions and sentences, the Eleventh Circuit Court of Appeals addressed the question of a potential objection to Donnelly's testimony based on Fed. R. Evid. 701, and concluded that the admission of Donnelly's statements – even if it was error – did not affect Movant's substantial rights "because the evidence of [Matos'] guilt was overwhelming." United States v. Cano, 289 F. 3d 1354, 1364 (11th Cir. 2002)..

Also, as noted in this Court's recent Order in Movant's co-defendant's case, Cano v. United States, Case No. 04-cv-22767, the Court of Appeals summarily dismissed both Cano's and Matos' claims under Apprendi v. New Jersey, 530 U.S. 466 (2000), noting that such claims did not even merit discussion. 289 F. 3d at 1357. Moreover, although the Supreme Court's rulings in three cases: Apprendi, Blakely v.

2

Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005),

articulate the principle that the Sixth Amendment right to a trial by jury is violated to the

extent that a judge increases a defendant's sentence based on facts neither found by a

jury nor admitted by the defendant, the Eleventh Circuit has not made Booker or

Blakely retroactively applicable to cases on collateral review.  Varela v. United States,

400 F.3d 864, 868 (11th Cir. 2005).  Thus, Movant is entitled to no relief on his Blakely

claim, nor is there any basis for permitting the Movant to file an Addendum to his

Motion to include a Booker claim.  Consistent with the above, it is

ORDERED AND ADJUDGED that the Report and Recommendations of the

Magistrate Judge be ADOPTED; Movant's motion for relief under 28 U.S.C. § 2255 is

DENIED, and Movant's motion for leave to file an addendum is DENIED.

DONE AND ORDERED in Chambers in Miami, Florida, this _1st_ day of

December, 2008.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

copies to:

David Matos
Magistrate Judge Patrick A. White

3